IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

    **Plaintiff,**

    v.                                      CASE NO. 25-3213-JWL

JOE SHEPACK,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 3, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff until November 3, 2025, in which to respond and show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court's MOSC was mailed to Plaintiff at his address of record at LCF. The mail was returned, noting that Plaintiff refused delivery of the MOSC. (Doc. 6.) Federal Rule of Civil Procedure 77(d) provides that orders are served according to Rule 5(b). Fed. R. Civ. P. 77(d). Rule 5(b) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C); *see also Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1260 (D. Kan. 2007) (finding that Rule 5(b)(2)(C) was complied with and stating that the court's administrative procedures provide that pro se filers will receive orders of the court by first class mail, and rejecting request by prisoner to receive court orders by certified mail).

1

Plaintiff names his state defense attorney as the sole defendant and alleges ineffective assistance of counsel. (Doc. 1, at 2.) Plaintiff alleges that Defendant Shepack provided ineffective assistance while representing Plaintiff in his state criminal proceedings. *Id*. Plaintiff alleges that Shepack failed to raise all available defenses, failed to file all available motions, failed to seek mental health or drug treatment for Plaintiff., and failed to seek graduated sanctions or to eliminate court costs and fines. *Id*. Plaintiff seeks damages in the amount of $200 per day "while under State of Kansas control." *Id*. at 5.

The Court found in the MOSC that Plaintiff has not shown that his state court defense attorney was acting under color of state law as required under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)). A criminal defense attorney does not act under color of state even when the representation was inadequate. *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983). The Court also found that any argument that the state defense attorney is a state actor by virtue of being an officer of the court, has been rejected by the Tenth Circuit in *Armajo v. Wyoming Public Defender*, 2024 WL 470547, at *3 (10th Cir. 2024) (unpublished).

The Court also found that even if Plaintiff believes he has a claim for legal malpractice, such a claim would be a state law claim. "[A] legal malpractice claim is a state-law tort claim, not a § 1983 claim." *Wallin v. Arapahoe Cty. Detention Facility*, 244 F. App'x 214, 218 (10th Cir.

2007) (unpublished) (citation omitted).  Furthermore, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff has not alleged that his conviction or sentence has been invalidated.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim."  (Doc. 4, at 5.)  Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated November 5, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**